### In re GRIFFITH.

Court of Claims of Ohio,
Victims of Crime Division.

No. V90–47761.

Decided Jan. 28, 1994.

*Edwin LeRoy Malek,* for the applicant.

*Lee Fisher,* Attorney General, for the state.

ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on October 20, 1993 at 10:00 a.m. upon applicant Thomas R. Griffith's May 7, 1993 objection and notice of appeal of the April 9, 1993 decision of the single commissioner.

The Attorney General and counsel for the applicant attended the hearing and presented oral argument for this panel's consideration.

The single commissioner had entered judgment for applicant but did not grant an award of reparations for allowable expense, pursuant to R.C. 2743.60(D), due to collateral-source availability, and did not grant an award of reparations for

**140** 

work loss, pursuant to R.C. 2743.52(A), because the applicant failed to prove, by a preponderance of the evidence, he had incurred work loss. Applicant contended in his objection and notice of appeal that he did incur work loss and not all of his allowable expense has been recouped from a collateral source.

Applicant's counsel stated at the hearing that applicant has been unable to provide him with evidence of work loss. Therefore, the hearing concentrated on the issue of allowable expense. Applicant's counsel argued applicant was not receiving welfare benefits at the time of the criminally injurious conduct, though benefits were backdated to that date, while the Attorney General argued applicant was eligible for Medicaid benefits and there is no evidence of his encountering difficulty in filing for these benefits. The Attorney General contends applicant's claim should be denied pursuant to R.C. 2743.60(H) because applicant unreasonably failed to timely submit his claims to Medicaid for payment.

R.C. 2743.60(H) states:

"If a claimant unreasonably fails to present a claim timely to a source of benefits or advantages that would have been a collateral source and that would have reimbursed the claimant for all or a portion of a particular expense, a single commissioner or a panel of commissioners may reduce an award of reparations or deny a claim for an award of reparations to the extent that it is reasonable to do so."

This panel is of the opinion that applicant's claim for allowable expense must be denied pursuant to R.C. 2743.60(H). Medicaid providers are required to submit all claims for their services within twelve months of the date of service and may not bill the recipient for these services. Thus, while a recipient of Medicaid services is not prohibited from filing a claim for payment, it is unlikely the recipient will do so. However, in the present case, the situation differs in that the applicant was not eligible for Medicaid at the time of the criminally injurious conduct, but became eligible at a later date and his coverage was backdated to cover the criminally injurious conduct. Therefore, the provider was not aware of the Medicaid coverage at the time services were provided. The recipient, in this situation, has the responsibility to inform the provider of the backdated Medicaid coverage so that the provider may bill Medicaid directly.

The applicant, so far, has presented no evidence establishing he actually attempted to obtain Medicaid coverage for his expenses. Furthermore, the applicant has offered no explanation for his failure to either submit the bills to Medicaid himself or inform the providers of the coverage so they could submit the bills. Therefore, applicant has failed to meet his burden on this issue.

From review of the file and with full consideration given to the oral argument presented at the hearing, this panel is of the opinion applicant unreasonably

failed to present a timely claim to a collateral source. We find, further, the applicant has failed to prove, by a preponderance of the evidence, he incurred work loss. Hence, applicant's claim for allowable expense must be denied pursuant to R.C. 2743.60(H), and his claim for work loss must be denied pursuant to R.C. 2743.52(A). Accordingly, the April 9, 1993 decision of the single commissioner shall be affirmed as to work loss and reversed as to allowable expense.

IT IS THEREFORE ORDERED THAT:

1. The April 9, 1993 order of the single commissioner (Jr. Vol. 1173, Pg. 29–30) is AFFIRMED as to work loss and REVERSED as to allowable expense;

2. This claim is denied, and judgment is entered for the state of Ohio;

3. Costs be assumed by the Reparations Fund.

*Judgment for defendant.*

PHILLIP E. PARISI, JAMES H. HEWITT III and KARL H. SCHNEIDER, Commissioners, concur.